### BENJAMIN and MOORE *against* HATHAWAY.

An officer will not be permitted to falsify, by his own testimony, a return by him made on an execution.

A witness is not compellable to give testimony, which may subject him to a penalty, or in debt.

Where an execution for 542 dollars, was levied on 19 acres of land, with buildings standing thereon ; the lands and buildings were separately appraised, the former at 30 dollars per acre, and the latter, at 270 dollars ; after which, the officer, by direction of the creditors, set off the buildings and a quantity of land, sufficient, with the buildings, to cover the debt; and it appearing, by the verdict of the jury, that these proceedings were not had with a fraudulent intent, or with a view to obtain any undue advantage of the debtor ; it was held, that the creditor acquired thereby a valid title.

*Hartford,*
*June,*
*1821.*

Benjamin and
Moore
*v.*
Hathaway.

THIS was an action of disseisin, tried at *Hartford, September* term, 1820, before *Chapman*, J.

The plaintiffs claimed title to the demanded premises, by virtue of the levy of an execution, in favour of *Anson Coe*, against the defendant, issued on a judgment recovered on a promissory note, payable to *Coe ;* which note had been previously assigned to the plaintiffs, and before the commencement of this suit, *Coe* had conveyed to them the premises, by a deed of quit-claim, duly executed and recorded.

There was due on the execution, at the time of the levy, 541 dollars, 72 cents. It was levied, by *Joshua R. Jewitt*, a deputy-sheriff, on 18 acres, 3 roods, and 22 rods of land, together with the buildings standing thereon, including the subject of this suit. The land and buildings were appraised separately ; the land, at 30 dollars *per* acre, and the buildings, at 270 dollars. This appraisement exceeding the amount due on the execution, and the fact being made known to the plaintiffs, *Jewitt*, by their direction, had a sufficient quantity of land, including the buildings, appraised, to satisfy the execution ; and this property, being the demanded premises, he set off to the creditor therein named.

The defendant claimed to have proved, that the officer, by direction of the plaintiffs, levied the execution on property far more than sufficient to satisfy it, and procured the land and buildings, to be appraised separately, to enable the plaintiffs to elect which part they would take ; and that these proceedings were had, with a view to obtain an undue advantage. The defendant, therefore, prayed the judge to instruct the jury, that the plaintiffs had no right, to procure the appraisers to appraise real estate of the debtor, in separate parcels, more than sufficient to satisfy the execution ; and then to make their election, which to take, and which to leave. The judge instructed the jury, that the officer's levying the execution on more real estate, than sufficient to satisfy it, and afterwards

*Hartford,*
*June,*
*1821.*

Benjamin and
Moore
*v.*
Hathaway.

making an election to take a particular part of the estate so taken, if done fairly, and without fraud, would not vitiate the levy ; but if the jury should find, that the levy was made unfairly and fraudulently, with an intention to injure and oppress the defendant, and obtain an undue advantage for the creditors, they ought to find the issue for the defendant.

In the course of the trial, *Jewitt*, the officer, who levied the execution, was introduced, by the plaintiffs, as a witness ; and upon cross-examination, he was asked, by the defendant, whether he ever made demand of money, goods, or chattels, of the defendant, to satisfy the execution. It appearing, that he had made return on the execution, that he had made such demand, he objected to answering the question, because it tended to contradict his return, and would subject him for a false return. The defendant contended, that the witness ought to answer the question, notwithstanding it might have this effect. But the judge decided, that he was not obliged to answer the question, and refused to compel him to answer it.

The plaintiffs having obtained a verdict, the defendant moved for a new trial, on the ground, that this decision was incorrect, as well as for a misdirection to the jury.

*E. Perkins* and *Edwards*, in support of the motion, contended, 1. That *Jewitt* ought not to have been excused from answering the question put to him. The principle assumed by this decision, that a witness is not obliged to answer a question, when such answer, if one way, would subject him to a civil action, is contrary to the constant course of proceedings in chancery in *England*, where the defendant is compelled to answer on oath, though his answer may be made the foundation of a decree against him. In bills of discovery, the *object* of the proceeding, is, to compel the defendant to disclose what will subject him to an action. In the case of Lord *Melville's* witness indemnity bill, 1 *Hall's Amer. Law Journ.* 223. the general principle is recognized, that a witness is bound to answer every question touching the issue, with the exception only, of such questions as would expose him to a criminal prosecution, or to a penalty or forfeiture. In *Phelps* v. *Riley*, ante 266. it was decided, that a witness was not protected from giving his testimony, on the ground that it would be against his interest. As a witness interested in the question, is admissible, it would be incongruous and unreasonable, to say, that he may stop

short in his testimony, when he comes to a fact, which may make against his interest.

*Hartford,*
*June,*
*1821.*

Benjamin and
Moore
*v.*
Hathaway.

2. That the charge to the jury was incorrect. The statute does not warrant the mode of proceeding adopted in this case. The consequence would be, to enable the creditor to *speculate* upon the judgment of the appraisers. *Leavenworth* v. *Baldwin*, 2 *Day*, 317. A mode of levying executions productive of *inconvenience*, has been held to be void. *Starr* v. *Leavitt*, 2 *Conn. Rep.* 243. *Hinman* v. *Leavenworth*, 2 *Conn. Rep.* 244. n.

The charge gave to the jury only the general proposition, that *levying* on more land than sufficient, *with a fraudulent intent,* would make the levy void ; whereas, it should have gone further, and instructed them, *what acts were illegal,* so as to make the levy void ; particularly, that after a levy on more land than sufficient, (which might have been done by mistake or accident, or from uncertainty as to the value,) it was illegal to *appraise* more land than sufficient, and could not be excused on the ground of accident or uncertainty as to value ; as this would necessarily give the creditor the advantage of selecting the part, which was appraised cheapest. Such a proceeding cannot be vindicated, on the ground that the statute has not expressly forbidden it ; or that, in a given case, it was unattended with a fraudulent intent. It is sufficient, that the statute does not authorise it ; and that the unavoidable consequence will be, to give to the creditor an undue advantage.

The charge ought, also, to have distinguished between *a levy* of an execution, and *an appraisement under the levy* of an execution ; and to have instructed the jury, that *subsequent* illegality would vitiate a levy at first lawfully made.

*T. S. Williams* and *H. L. Ellsworth*, contra, contended, 1. That *Jewitt* would have been an inadmissible witness, to falsify his return, if he had been willing to testify. *Gardiner* v. *Hosmer*, 6 *Mass. Rep.* 325.

2. That *Jewitt* could not not be compelled to testify ; first, because his testimony would subject him to a penalty. 1 *Stat. Conn. tit.* 146. *c.* 1. *s.* 13. Secondly, because it would render him liable in a civil action. *Storrs* v. *Wetmore*, *Kirby*, 203. *Starr* v. *Tracy* & al., 2 *Root*, 528. *Swift's Ev.* 77. & seq.

Hartford,
June,
1821.

Benjamin and
Moore
v.
Hathaway.

3.   That the jury having negated all fraud and intentional unfairness in the appraisement and levy, there was no ground on which such appraisement and levy could be set aside. The law cannot define precisely, in every case, how these acts shall be done.  It prescribes general rules ; and these have been complied with.   To ascertain the value of the whole, it was necessary to appraise the parts ;  the officer then set off enough to satisfy the execution ;  and all this was done fairly.   When a case of fraud occurs, it will be sufficient season to declare the creditor's title invalid.

Hosmer, Ch. J.   The plaintiffs claimed title to the premises, demanded in their action of disseisin, by virtue of the levy of an execution.   The motion presents for determination, three questions, 1. Whether an officer may be admitted to falsify, by his own testimony, the return which he made.  2. Whether he is compellable to give such testimony.   3. Whether the levy of the execution, and the appraisement of the land taken, and the charge to the jury, were pursuant to law.

1.   If an officer were permitted to falsify his indorsement on an execution, it would destroy confidence in returns, and render titles thus acquired the subject of doubt and uncertainty.   That returns are not liable to an attack from this quarter, I take to be settled and indisputable law.   *Jenk.* 189. *pl.* 89.   *Co. Litt.* 171.   *Heath's Max.* 177.   *Collet* v. *Marsh*, *Cro. Eliz.* 371. 397.   *Arundell* v. *Arundell, Yelv.* 34.   *Gardiner* v. *Hosmer*, 6 *Mass. Rep.* 325.

2.   If the sheriff were admissible to falsify his return, clear I am, that he is not compellable to give testimony for that purpose.   For a false return, the sheriff is, by statute, liable to a penalty ; and there exists no doubt, that he cannot be coerced, by his testimony, to expose himself to a recovery. *Phill. Ev.* 206. *& seq.*   My opinion would be the same, if the effect of the testimony were merely to subject the witness in debt.   It is an established principle, that a person cannot, in a suit against him, be compelled to produce evidence against himself; and by strong analogy, he ought equally to be protected in his interest, when called on to testify for another.   I am aware of the different opinions, which, in *Westminster-Hall*, have been entertained on this subject; but in this state, the decisions have been uniform, and invariably have protected the witness from answering a question, that

would charge him with a debt. *Storrs* v. *Wetmore, Kirby,* 203. *Starr* v. *Tracy* & al., 2 *Root,* 528. *Swift's Ev.* 77.

3. It remains to be considered, whether the levy of the execution, the appraisement of the land, and the charge to the jury, were according to law. The execution was levied on 18 acres, 3 roods, and 22 rods of land, with buildings standing thereon ; and the land and buildings were separately appraised, the former at 30 dollars *per* acre, and the buildings at 270 dollars. On making the appraisement, it appeared, that the property levied on, exceeded the demand ; and then, by the direction of the plaintiffs, a quantity of the land, including the buildings, was appraised, precisely sufficient to equal it ; and this, accordingly, the sheriff set off on the execution.

The defendant claimed to have proved, that the proceedings with the execution, were designed to enable the plaintiffs, after the appraisement, to make an election ; and that this was done, with the fraudulent view of obtaining an undue advantage ; while, on the other hand, the plaintiffs insisted, that these facts were not established. The defendant further contended, that the levy and appraisement, independent of any improper purpose, were illegal.

The judge instructed the jury, that the preceding facts, if they took place fairly, and without fraud, would not vitiate the levy ; but that, if the levy was made with a fraudulent intent, to injure and oppress, and obtain an undue advantage for the creditors, they must find for the defendant. The question of fraud was fairly presented to the jury ; and as their verdict was for the plaintiffs, it must be conceded, that the levy of the execution was not with any fraudulent intent, or to obtain any undue advantage.

The single inquiry remains, whether on principle, aside from every improper view, the levy was legal.

The statute has not prescribed the manner, in which an execution must be levied on land. That mode of levy should be sanctioned, which is fair, and which, while it produces no unreasonable inconvenience, should not easily be liable to secret fraud or oppression. In the case before us, the mode of levy and appraisement, was neither fraudulent nor oppressive, nor easily susceptible of undetected abuse. I cannot but think, that excessive fears have been indulged, lest the debtor should be defrauded or oppressed, without duly regarding the

*Hartford,*
*June,*
*1821.*

Benjamin and
Moore
*v.*
Hathaway.

*Hartford,*
*June,*
*1821.*

Benjamin and
Moore
*v.*
Hathaway.

proper corrective, that is, an investigation of the facts by a jury, who, with sufficient vigilance, will enquire into the motives and tendencies of every transaction of this nature. On the other hand, the convenience of the creditors is not to be entirely disregarded. The land and buildings, it may fairly be presumed, were conjointly levied on ; and were separately appraised, that the creditor might ascertain, whether, with the buildings, he could appropriate a sufficiency of land to render them desirable and useful. If, for a motive of this description, or any other, having in view an object perfectly fair and entirely reasonable, there is a separate appraisement of property levied on, I cannot say, that it is incompatible with private justice, or public convenience.

The other judges were of the same opinion.

New trial not to be granted.