Blanche E. **RUBENSTEIN**

v.

Archie L. **KLEVEN.**

Civ. A. No. 56-530.

United States District Court
D. Massachusetts.

April 4, 1957.

Erdheim & Armstrong, New York City, Louis Jacobs, Jacobs & Labb, Boston, Mass., for plaintiff.

Richard Wait, Choate Hall & Stewart, Boston, Mass., Claude B. Cross, Withington, Cross, Park & McCann, Boston, Mass., for defendant.

ALDRICH, District Judge.

■ This is an action by an unmarried woman for breach of an alleged agreement to render companionship and other services to a married man. The defendant has answered that the agreement was against public policy. While this is not an express assertion of illegal consideration, viz., an illicit relationship, I would regard evidence of such admissible under this general allegation. The plaintiff has taken defendant's deposition, and has asked certain questions to which affirmative answers might indicate adultery.[1] The defendant has refused

---

1. Whether in a simple diversity case a party must be able to claim a possible federal crime, and cannot assert incrimination merely under a state statute, appears never to have been decided. However, I will assume in defendant's favor that affirmative answers might tend to incriminate him under the Mann Act.

to answer on the ground of incrimination.[2] Plaintiff moves for an order compelling him to answer. She argues, in response to his claim, that the events inquired about were beyond the statute of limitations, and hence not indictable. To this defendant replies that any admission might constitute a waiver as to later incidents within the statute, or might tend to incriminate him in connection with such later occurrences.

■ Since it would be to plaintiff's disadvantage for defendant to testify to an illicit relationship, I inquired of her counsel why he was pressing for an answer. He replied that he was of opinion that the answers would, in fact, be in the negative, and that defendant, being unable to testify truthfully to anything of a criminal nature, was seeking to create the impression of such, to plaintiff's disfavor, by the inference which would attach to his refusal. The suggestion that the defendant is a sheep in wolf's clothing presents a novel reverse-English to the Fifth Amendment.[3] I do not, however, find it necessary to pursue it. Defendant can not work both sides of the street. Illegality is an affirmative defence. If he is going to assert it predicated upon criminal acts involving himself, to be established through the testimony of any witness, or even simply by inference, he cannot remain aloof, asking the jury to find that such acts occurred, and at the same time claim a privilege against incrimination on cross-examination. Since he refuses on his deposition to incriminate himself, I will assume, as the rule of the case, that equally he does not intend to prove criminality, through his own testimony

or otherwise, at the trial. Unless within twenty days he notifies plaintiff that he proposes to answer the questions, plaintiff's motion will be denied and the issue of criminality foreclosed.

---

2. At the hearing I suggested that some refusals, simply "on advice of counsel," were insufficiently specific. But cf. Quinn v. United States, 349 U.S. 155, 75 S.Ct. 668, 99 L.Ed. 964. This question is not presently material.

3. Can the principle that unfavorable inferences may be drawn against the witness in a civil proceeding, Attorney General v. Pelletier, 240 Mass. 264, 134 N.E. 407, permit an inference of criminality where, because of the peculiar circumstances of the case, this is a favorable inference? This is like the question posed by the court in McLoughlin v. American Circular Loom Co., 1 Cir., 125 F. 203, 205, whether it may be held defamatory to call someone in a community of thieves an honest man.