CLINTON B. F. BRILL *v.* STATE OF CONNECTICUT

SUPERIOR COURT HARTFORD COUNTY FILE No. 131248

Memorandum filed February 26, 1965

*Martin S. Michelson* and *John P. Kane,* of Hartford, for the plaintiff.

*Harold M. Mulvey,* attorney general, and *William J. Clarke,* assistant attorney general, for the state.

PALMER, J. In this action, the substituted complaint dated August 28, 1964, as amended by amendment dated October 14, 1964, is in seven counts and claims damages totaling $1,144,270. It alleges that on or about March 10, 1959, an engineering firm known as DeLeuw, Cather and Brill entered into an agreement with the defendant wherein it was retained to provide certain analysis and engineering studies and services connected with the design of a section of interstate route No. 84. It is further alleged that said firm was dissolved on or about June 30, 1959, and said agreement was assigned to the plaintiff. He instituted this action by writ dated September 14, 1962, alleging breach of contract and other claims. The defendant has filed an answer (designated a "reply"), dated November 18, 1964, in which it affirmatively pleads, inter alia, that it did not enter into any contract with the plaintiff and that there is no disputed claim under any contract between the plaintiff and the defendant.

On October 6, 1964, the defendant filed an "Application for Order to Take Deposition of Plaintiff," and on October 10, 1964, the plaintiff filed an "Application for Order to Take Deposition of Defendant," which requested the court to order the highway commissioner, the deputy highway commissioner, and other named officials of the state highway department "to appear and be deposed." On October 16, 1964, the court *(MacDonald, J.)* granted both applications and ordered depositions to be taken.

On November 9, 1964, the plaintiff's deposition was taken by the defendant. Prior thereto, the par-

ties stipulated as follows: "All objections will be reserved until the time of trial except as to the form of the question." On November 16, 1964, the plaintiff excused the highway commissioner and deputy commissioner, and the remaining officials ordered by the court to "be deposed" were available to have their depositions taken. However, only the deposition of Robert G. Mitchell, chief engineer of the state highway department, was taken. Prior to such taking, the attorney for the defendant refused to stipulate that all objections except those as to the form of the questions be reserved to the time of trial. He further stated that he would make his objections as questions were asked and would instruct the witness not to answer questions to which he objected.

During Mitchell's deposition, the attorney for the defendant objected to all questions that related to any of the claims set forth in the plaintiff's substituted complaint as amended and instructed Mitchell not to answer the questions he objected to. To a large extent the grounds of the objections were that the questions were not germane because the partnership of DeLeuw, Cather and Brill was not a party to the action and the alleged assignment from that firm to the plaintiff was contrary to the contract and to law.

On November 20, 1964, the plaintiff filed the instant motion for a default, pursuant to § 280 of the Practice Book, by reason of the alleged failure of the defendant "to comply with an order of the court allowing the plaintiff to depose certain officers of the State." The motion alleges, and it does not appear to be in dispute, that the defendant's objections to the questions asked were not based on any "issue of privilege, immunity or the like." The plaintiff's motion also alleges that the nature of the objections was such as to indicate "that the defendant contem-

plated interposing the same well before the actual taking of the deposition." It seems apparent to the court that this is true. The court also agrees with the plaintiff's allegation in its motion that the practical effect of defendant's objections was to nullify the order of the court that the depositions of certain officials of the defendant be taken.

There is no showing here, or even any claim, that the examination of the deponent Mitchell was being conducted in bad faith or in such a manner as unreasonably to annoy or embarrass the deponent. The defendant's objections were based solely and entirely on purely legal grounds. Its position in respect to the instant motion for a default is that the order of the court that the depositions be taken simply required the persons named in the plaintiff's application to appear at the time and place fixed by the court. In substance, the defendant argues that the order of the court merely required the named persons to appear but did not require them to answer any questions not considered "germane" by defendant's counsel. The defendant says it is not in default because the persons in question did appear.

We have then a situation where in effect the defendant refuses to permit its officials to answer any questions relating to the specific subject matter of the suit on legal grounds. Whether or not the questions objected to, or any of them, should be answered must be ultimately resolved by the court. The question then arises as to who has the obligation to present the legal issues involved to the court.

Under our rules of practice, it seems clear to the court that it is incumbent upon the defendant in this case to do so. Section 186 of the Practice Book provides that "[a]fter notice is served for taking the deposition . . . , upon motion seasonably made by

the person to be examined for good cause shown . . . , the court in which the action is pending . . . may make an order that the deposition . . . shall not be taken, . . . or that certain matters shall not be inquired into, or that the scope of the examination shall be limited to certain matters, or may make any other order which justice requires to protect the person from annoyance, embarrassment or oppression or examination into any matter which is privileged."

If the defendant considered, and obviously it did, that certain matters should not be inquired into and that the scope of the examination should be limited, § 186 of the Practice Book was tantamount to a direction to invoke the provisions thereof so that a decision of the court might be had to resolve the legal issues the defendant intended to raise, and which it knew it would raise, at the taking of the depositions. It was clearly the duty of the defendant to formulate and to present to the court its legal objections to certain areas of inquiry. It well may be that it would be desirable to have a rule similar to Rule 30 of the Federal Rules of Civil Procedure, but as we do not, we must use the rules we do have. Section 186 clearly and obviously applies, and must be applied.

The court cannot accept the defendant's claim that it is not in default because the persons named in the plaintiff's application were physically present. The application moved that these persons "appear and be deposed." The order of the court was that "[d]epositions are ordered to be taken." In the opinion of the court, it was not compliance with the court's order for the deponent Robert G. Mitchell to appear and for defendant's counsel to instruct him not to answer questions relating to the specific subject matter of the causes of action alleged in the substi-

tuted complaint as amended. This action of the defendant effectually frustrated the order that depositions be taken. In effect, deponent Mitchell's deposition was not taken, and this was in violation of the order of the court. As noted, the defendant had a clear and adequate procedure available under § 186 of the Practice Book, which it deliberately refused to invoke.

In its otherwise excellent brief, the defendant does not discuss § 186. It argues that the court's order "did not define the terms or conditions of such a deposition, nor did it in any way set forth the restrictions of materiality that would limit the questions which the plaintiff might put to the defendant's agents." The defendant says "that the scope of any deposition cannot extend beyond the bounds of materiality under any general authority to depose" and "that it is not and should not be necessary to invoke the protection of the court explicitly against plaintiff's inquiries as to the matters that are not material to pending litigation between the parties." The answer to these arguments is § 186, which the defendant ignores. The defendant's actions and position in this controversy amount to a complete negation of the provisions of § 186, which was intended to deal with the very situation with which we are confronted.

The court believes that a proper remedy for the defendant's frustration of the court's order is a default for failure to comply with the court's order of October 16, 1964, that depositions be taken. Such a default may, of course, be set aside upon such terms as the court may impose. Practice Book § 280. At the hearing on a motion to set aside, the court may consider the expense incurred by the plaintiff in taking Mitchell's deposition, as well as any other matters.

The motion for a default is granted, and it is ordered that the defendant be defaulted for failure to comply with the order of the court on October 16, 1964, that depositions be taken.