CHRISTOPHER REYNOLDS, ADMINISTRATOR (ESTATE OF CHRISTOPHER J. REYNOLDS) *v.* TOBIAS B. POPE

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 117926
AT NEW HAVEN

Memorandum filed December 12, 1968

*Howard F. Zoarski,* of New Haven, for the plaintiff.

*Francis J. Moran* and *Frank J. Mongillo, Jr.,* both of New Haven, for the defendant.

RUBINOW, J. From representations made, or concurred in, by counsel at the hearing on this motion, it appears that the defendant was given notice to appear for a deposition; was subpoenaed to appear; appeared with his counsel at the appointed time and place; and there, as alleged in the motion, "advised the plaintiff's attorney that he refused to answer questions in the course of said deposition," on the ground that to answer might tend to incriminate him. In the motion, the plaintiff requests that the court order the defendant to submit to the taking of the deposition provided for in § 185 of the Practice Book, and to pay the plaintiff's expenses in connection with the aborted deposition. The defendant has resisted the motion on the ground that, inasmuch as the action alleges a homicide by automobile, he is subject to criminal prosecution, and, therefore, he argues, he is entitled to exercise a constitutional right to refuse to be interrogated.

Neither the statutes nor the rules nor the cases sustain the defendant's position. Under the stat-

utes, except for the husband-wife privilege, a person has the option to refuse to testify only when he is "on trial for crime." General Statutes § 54-84. Under the rules, the proper procedure for shielding a deponent from interrogation is to request the entry of an appropriate order by the court or a judge thereof. Practice Book § 186. And under the cases, the privilege against self-incrimination does not confer a blanket immunity from interrogation. "The privilege is not a general one; it is, at least in all ordinary situations, to be claimed as to each question asked. . . . It is not a prohibition against inquiry but confers an option of refusal to answer. . . ." *Malloy* v. *Hogan,* 150 Conn. 220, 223, rev'd on other grounds, 378 U.S. 1; see *Meyer* v. *Tunks,* 360 S.W.2d 518 (Tex.) (motion to quash deposition application denied even though criminal indictments involving same matter were pending against defendant).

Under *Malloy* v. *Hogan,* 378 U.S. 1, 11, state courts, in determining whether a witness is justified in refusing to answer a question on the ground of the privilege against self-incrimination, must apply the federal standard. That standard requires that "the judge must be *'perfectly clear,* from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] *cannot possibly* have such tendency' to incriminate." *Malloy* v. *Hogan,* 378 U.S. 1, 12. Under the circumstances here present, the defendant should have sought, under § 186 of the Practice Book, a judicial determination of the scope of the privilege, instead of making such a determination himself.

It follows that, in making an extrajudicial determination concerning his duty to respond to questions to be propounded during the deposition, the defendant denied to the plaintiff the latter's right,

under § 185 of the Practice Book, to interrogate the former. It was not enough for the defendant to appear physically in response to the subpoena. See *Brill* v. *State,* 26 Conn. Sup. 29, 33. Although the rules do not specifically provide for entry of a default or nonsuit under the circumstances here delineated, imposition of such a sanction is probably within the inherent power of the court. See Stephenson, Conn. Civ. Proc., p. 180 (Sup. 1966). A motion seeking this sanction has, however, not been made, and that issue is not before the court at this time.

With respect to the disposition of the motion, the court is of the opinion that there are adequate provisions in the statutes and rules for taking depositions, and that the court should not have to go outside the rules and statutes by entering the ad hoc order requested, which is not provided for in the rule under which the defendant wishes to proceed. Such an order might result in confusion by the parties concerning their rights and duties. On the other hand, the plaintiff should be permitted to proceed again under § 185 of the Practice Book, if he wishes, without prejudice to any rights he may have to move for a default and without prejudice to any rights the defendant may have under § 186. Accordingly, the court enters the following order:

1. The plaintiff is hereby granted leave to take the defendant's deposition under § 185 of the Practice Book, notwithstanding that notice was given of the previous deposition.

2. The foregoing order is entered without prejudice to (a) any rights the plaintiff may have to move for a default because of the defendant's refusal to submit to interrogation at the deposition on September 30, 1968, and (b) any rights the defendant may have under § 186 of the Practice Book.

3. The defendant is ordered to pay to the plaintiff, within thirty days after receipt of invoice, such sums as shall reimburse the plaintiff for his expenditures for the reasonable charges for the following items in connection with the deposition of September 30, 1968: (a) the fee of the legal stenographer hired to take the deposition of the defendant; (b) the fee of the officer or other person serving the subpoena upon the defendant, including any disbursements to the defendant.