LOUIS J. COSTANZA, JR., BEVERLY BRACKEN, KATHE-RINE COSTANZA, INDIVIDUALLY, AND AS GUARDIAN OF BARRY COSTANZA AND FANNIE PANICO, INDI-VIDUALLY AND AS EXECUTRIX OF THE ESTATE OF LOUIS J. COSTANZA, DECEASED, PLAINTIFFS-RESPON-DENTS AND CROSS-APPELLANTS, v. ROSE COSTANZA, DEFENDANT-APPELLANT AND CROSS-RESPONDENT.

Argued September 10, 1974—Decided November 19, 1974.

Mr. *Leonard Meyerson* argued the cause for the defendant (*Messrs. Miller, Hochman, Meyerson and Miller,* attorneys; Mr. *Gerald D. Miller,* on the brief).

*Mr. Louis Ruprecht* argued the cause for the plaintiffs (*Mr. William O. Barnes, Jr.,* attorney; *Messrs. Ruprecht and Graham,* on the brief).

The opinion of the Court was delivered by

JACOBS, J. In November 1971 the body of Louis Costanza was discovered in his home. His death apparently resulted from gunshot wounds. In June 1972 the plaintiffs, as representatives and heirs of Louis Costanza, deceased, brought an action against Rose Costanza, the widow of Louis, seeking damages, *inter alia,* for his wrongful death. The action rested largely on the charge that Rose had murdered her husband. Rose duly filed her answer denying the charge. In June 1972 the plaintiffs obtained an order for Rose's deposition. The deposition was not actually taken until July 1973 and at that time she refused to answer the bulk of the questions addressed to her, claiming the privilege against self-incrimination.

In March 1974 the plaintiffs moved for an order (1) directing the defendant Rose Costanza "to answer all of the questions propounded" during the taking of the July 1973 deposition or (2) in the alternative "for summary judgment" or (3) in the alternative for an order "suppressing the defenses of the defendant and barring the introduction of any testimony by or on behalf of the defendant and further barring the participation of defendant at the trial of the within action." After hearing argument and reviewing the record, the trial court entered an order dated April 15, 1974 denying the plaintiffs' motion but providing (1) that testimony by the defendant herself would be prohibited at the trial if she persisted in her refusal to depose prior to trial and (2) that the defendant furnish a list of witnesses she intended to call at trial so that the plaintiffs could depose them before trial. The defendant sought leave from the Appellate Division to appeal from the order insofar as it directed that she not be permitted to testify at trial if she persisted in her refusal to depose prior to trial. The Appellate

Division denied leave to appeal but, on due application, leave was granted by this Court. We also granted the plaintiffs' motion for leave to cross appeal from the trial court's denial of the more comprehensive relief they had sought.

The briefs before us refer to the fact that a separate suit by Rose Costanza against the Metropolitan Life Insurance Company, which had issued a policy to Louis Costanza, naming Rose as beneficiary, was consolidated with the plaintiffs' action at the trial level. The suit against Metropolitan is apparently awaiting the disposition of the plaintiffs' action against Rose and no orders were entered in the Metropolitan suit which are in anywise before us for review. We consider that the pendency of the Metropolitan suit has no material bearing on the issues presented on the appeal and cross appeal from the order dated April 15, 1974. On her appeal the defendant Rose presents the following single contention: "A person's right against self-incrimination is infringed by an order that prohibits her testimony at trial unless she subjects herself to a deposition prior to trial." We reject that contention in the present context since we are satisfied that the trial court's action was well within its discretionary powers under the principles expressed by us this day in *Mahne v. Mahne,* 66 *N. J.* 53 (1974).

The defendant concedes that if she voluntarily testifies at trial in support of her denial of the plaintiffs' charge she will be in no position to assert the privilege. See *Evid. R.* 25(d); *N. J. S. A.* 2A:84A–19; *Brown v. United States,* 356 *U. S.* 148, 78 S. Ct. 622, 2 *L. Ed. 2d* 589 (1958). But she contends that she has the right to defer, until after the plaintiffs conclude their testimony at trial, her decision as to whether to furnish her testimonial version for cross examination or other testing by the plaintiffs. Even in criminal cases the courts have come to reject a defendant's claim that he has the right to remain entirely silent before trial with the unrestricted right to defend at trial. Thus in *Williams v. Florida,* 399 *U. S.* 78, 90 S. Ct. 1893, 26 *L. Ed. 2d* 446 (1970), the Supreme Court upheld a pretrial discovery re-

quirement that the defendant "give notice of an alibi defense and disclose his alibi witnesses" and it flatly rejected the defendant's contention that the requirement unconstitutionally interfered with "his right to wait until after the State had presented its case to decide how to defend against it." 399 *U. S.* at 83, 90 S. Ct. at 1896, 26 *L. Ed. 2d* at 450–451.

In *State v. Montague,* 55 *N. J.* 387 (1970), we noted that, while our pretrial discovery rules were not as broad in criminal cases as they were in civil cases, there was notable movement towards expansion of pretrial discovery even in the criminal field. 55 *N. J.* at 394–395. And we pointed, *inter alia,* to judicial opinions in criminal cases elsewhere which had sustained very broad pretrial discovery orders for "testimony that was going to be introduced at the trial." 55 *N. J.* at 397. While those cases did not deal directly with the defendant's own testimony, they did hold that the privilege would not be infringed by an order directing that the defendant produce during pretrial discovery proceedings various types of evidential materials that he intended to produce at trial. *Cf. Williams v. Florida, supra,* where Justice White suggested that at most the alibi notice rule "only compelled petitioner to accelerate the timing of his disclosure". 399 *U. S.* at 85, 90 S. Ct. at 1898, 26 *L. Ed. 2d* at 452.

However, we need not pursue the considerations involved in criminal proceedings for here we are concerned with a civil proceeding which does not entail any criminal consequences. The plaintiffs have asserted claim for money damages and will of course have the procedural burden of establishing their claim. They were entitled to seek pretrial discovery and the defendant was entitled to assert her privilege. But as pointed out in *Mahne v. Mahne, supra,* 66 *N. J.* 53, in such circumstances the trial court was called upon to balance the conflicting considerations and apply sanctions best designed to protect the pertinent public and private interests without impairing the historic designs of

the privilege. The trial court did that and concluded in its discretion that the defendant should either depose before trial or forego her right to testify at trial. That was not at all unjust to the defendant. She has had more than ample time to obtain full pretrial discovery from the plaintiffs and to decide whether she is going to testify at the trial. If she is going to testify, then in all fairness the plaintiffs should have her deposition before trial so that they may properly prepare and avoid trial surprises which frustrate rather than aid the search for truth and justice. If she is not going to testify and is held to that then the plaintiffs will fairly know in advance what to expect at trial since they have been afforded full pretrial discovery of the testimony of her witnesses. All in all we consider that the trial court's order was an appropriate one and that the defendant has no meritorious basis for her appeal. See *Mahne v. Mahne, supra,* 66 *N. J.* 53; *Duffy v. Currier,* 291 *F. Supp.* 810, 815 (*D. Minn.* 1968); *cf. Rubenstein v. Kleven,* 150 *F. Supp.* 47 (*D. Mass.* 1957); Kaminsky, "Preventing Unfair Use of the Privilege Against Self-Incrimination in Private Civil Litigation: A Critical Analysis," 39 *Brooklyn L. Rev.* 121, 151 (1972).

██ ██ Similarly we find no meritorious basis for the plaintiffs' cross appeal. Clearly they were not entitled to an order, as primarily sought by their motion, directing the defendant to answer their inquiries aimed at establishing that she murdered her husband. Her assertion of the privilege was well grounded and under the very terms of our discovery rules the plaintiffs were confined to matters "not privileged". *R.* 4:10–2. The plaintiffs in their motion sought, as first alternative relief, a summary judgment but under the principles expressed in *Mahne v. Mahne, supra,* 66 *N. J.* 53, they were not entitled to that relief. As in Mahne the defendant was in court involuntarily and the plaintiffs had the burden of establishing their claim. The balance would be improperly struck and justice would not be well served by awarding a default or summary judgment without suitable trial proof of the serious charge presented by the plaintiffs.

As second alternative relief, the plaintiffs sought to suppress the defendant's defenses and bar her from introducing testimony or participating in the trial, thus enabling the plaintiffs to proceed *ex parte* and without any cross examination or other testing. The trial court properly rejected this extreme sanction with its imbalance but nonetheless gave the plaintiffs fair and reasonable protection through its order (1) prohibiting the defendant from testifying at the trial and (2) directing the defendant to furnish a list of witnesses she intends to call at trial so that the plaintiffs may depose them before trial.

Affirmed.

*For affirmance* — Chief Justice HUGHES, and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—7.

*For reversal*—None.