603 A.2d 182

HARRY F. METZLER, GENERAL ADMINISTRATOR OF THE ESTATE OF ANTOINETTE M. METZLER, DECEASED AND HARRY F. METZLER, INDIVIDUALLY, PLAINTIFFS, v. MARNIX O. VANDERGRIENDT, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division Somerset County

December 19, 1991.

*Adrian I. Karp,* for plaintiff Metzler.

*Edward R. Martin,* for defendant Vandergriendt (*Martin and Simmonds,* attorneys).

ARNOLD, P.J.Cv.

This is a wrongful death action arising from an automobile accident. A novel issue was raised during plaintiff's case in chief when plaintiff's counsel sought to introduce evidence that the defendant had asserted the Fifth Amendment privilege against self incrimination when the police sought to question him about the accident. This court ruled that such evidence is not admissible and this opinion is intended to supplement the court's oral opinion. See *R.*2:5–6(c).

The material facts are as follows. On October 10, 1988 a car driven by Marnix O. Vandergriendt crossed the centerline of Route 202 in Bernardsville and collided head-on with a car driven by Antoinette Metzler. Mr. Vandergriendt suffered a concussion and Mrs. Metzler was killed instantly. The police investigated the accident to determine whether any criminal charges should be brought against Mr. Vandergriendt. On the day of the accident a police officer attempted to question him, but his medical condition precluded any questioning. The following day, the officer was advised that Mr. Vandergriendt's family had retained a lawyer to represent him and that the lawyer wanted to be present during any questioning of Mr. Vandergriendt. When the officer questioned Mr. Vandergriendt in the presence of his lawyer, the lawyer advised Mr. Vandergriendt to remain silent and Mr. Vandergriendt declined to answer any of the investigating officer's questions. After the other aspects of the investigation were completed no criminal charges were brought against Mr. Vandergriendt.

This lawsuit was instituted by Antoinette Metzler's husband, Harry Metzler, as general administrator of her estate. He alleges in the complaint that the defendant, Marnix Vandergriendt, was negligent and that such negligence proximately caused the accident and Antoinette Metzler's death. The defendant has not asserted the Fifth Amendment privilege at any time during pretrial discovery. *Cf. Costanza, Jr. v. Costanza,* 66 *N.J.* 63, 328 *A.*2d 230 (1974); *Mahne v. Mahne,* 66 *N.J.* 53, 328 *A.*2d 225 (1974). Specifically, he answered all interrogatories propounded upon him and answered all questions asked of him at two depositions. Nevertheless, during the direct examination of the police officer who attempted to question the defendant, plaintiff's counsel sought to elicit testimony that the defendant had asserted his Fifth Amendment privilege to remain silent. Plaintiff's counsel proffered this evidence, and wanted to comment thereon in summation, arguing that it was admissible as relevant on the issue of whether the defendant was negligent. Defense counsel objected. Neither counsel was

aware of any authority dealing with the issue of whether such evidence is admissible. This court has been unable to locate any authority. For the following reasons, this court holds that such evidence is not admissible.

First, it is a long established, highly cherished principle of Anglo–Saxon law that a citizen has a right to be free from compulsory self-incrimination. *Malloy v. Hogan,* 378 *U.S.* 1, 84 *S.Ct.* 1489, 12 *L.Ed.*2d 653 (1964); *Bram v. United States,* 168 *U.S.* 532, 18 *S.Ct.* 183, 42 *L.Ed.* 568 (1897); *Fries v. Brugler,* 12 *N.J.L.* 79 (Sup.Ct.1830). See *DeLuna v. United States,* 308 *F.*2d 140 (5th Cir.1962) (which contains an excellent discussion of the history of the development of the right to remain silent), reh'g denied, 324 *F.*2d 375 (5th Cir.1963). The introduction of evidence or comment about a defendant's exercise of the right to remain silent when questioned by the police is prohibited in a criminal case. *Doyle v. Ohio,* 426 *U.S.* 610, 96 *S.Ct.* 2240, 49 *L.Ed.*2d 91 (1976); *State v. Deatore,* 70 *N.J.* 100, 358 *A.*2d 163 (1976). This court holds that the admission of evidence in a related civil lawsuit that a party exercised the Fifth Amendment privilege when questioned by the police for the purpose of having the jury draw an adverse inference against that party tends to abridge and perhaps even destroy the privilege. This is especially true in the circumstances of this civil case in which the defendant has not asserted the Fifth Amendment privilege at any stage of the civil proceedings.[1] But *cf. Baxter v. Palmigiano,* 425 *U.S.* 308, 96 *S.Ct.* 1551, 47 *L.Ed.*2d 810 (1976) (where it was held that an adverse inference could be drawn from a prison inmate's silence at his disciplinary hearing); *Bastas v. Bd. of Review Dept. of Labor and Ind.* 155 *N.J.Super.* 312, 315, 382 *A.*2d 923 (App.Div.1978) (where it was held that an adverse inference could be drawn against a party

---

[1]After this court ruled that evidence of the defendant's exercise of his right to remain silent was not admissible, the defendant testified during defendant's case in chief. He did not assert the Fifth Amendment privilege against self-incrimination.

who asserted the Fifth Amendment privilege when testifying at a civil trial).

Second, this court is unable to ascertain how the admission of evidence that the defendant asserted the Fifth Amendment privilege has any probative value on any of the issues in this case. It is equivocal. See *State v. Deatore,* 70 *N.J. supra,* at 116–17, 358 *A.*2d 163 (1976). Furthermore, the prejudicial impact of such evidence is very high as the jury may infer that the defendant exercised the right to remain silent because he knew that he was negligent in the operation of his car. This court therefore holds that the evidence is inadmissible under *Evid.R.* 4.

Accordingly, the defendant's objection is sustained.