[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE MOTION FOR ORDER FOR COMPLIANCE AND COSTS
This motion asks the court for compliance to ask questions at a deposition at the cost of the plaintiff, Richard Goenne. This is a suit by the plaintiff against the defendant Aetna Life and Casualty.
The plaintiff noticed the deposition of a Meriden police officer "for the purpose of discovery and/or use at trial thereof" and the deponent was also asked to bring to the deposition "all notes, officer's reports or other documents, including internal memoranda, relating to his investigation and handling of the arrest of Edward F. Glabicki on July 16, 1986."
This suit alleges the plaintiff was injured on Glabicki's premises, he sued this individual and recovered judgment. The suit claims the defendant had a homeowner's policy issued to Glabicki and the plaintiff now sues the defendant company for failing to satisfy its judgment against Glabicki.
At the above mentioned deposition the police officer and counsel for both sides appeared and plaintiff's counsel stipulated that any objections other than those as to form were reserved to the time of trial.
The plaintiff claims that the deposition was conducted solely to ascertain the recollection the officer had of a conversation with Glabicki as the officer drove him to the police station apparently after the shooting incident on which this action was based.
Upon cross-examination the lawyer for Aetna asked questions which plaintiff claims went well beyond the scope of the direct. Counsel for the plaintiff instructed the non-party deponent not to answer these questions and the deposition was terminated giving rise to this motion. CT Page 2110
Counsel for the plaintiff justify their action on several grounds. They argue that our courts follow the so-called "American rule" which provides that each party must bear its own cost of litigation, Peterson v. City of Norwalk, 152 Conn. 77 (1964). If Aetna wants to depose this police officer on matters beyond the scope of the plaintiff's direct they can do so, but the plaintiff shouldn't bear the cost. To hold otherwise would allow large institutional parties like Aetna to expand the scope of depositions at the cost of "smaller less financially secure opponents. Such opponents would be intimidated and discouraged from using depositions for discovery purposes." The plaintiff argues that "even the poor are entitled to representation and access to the judicial system." This is confirmed according to the plaintiff by the fact that Practice Book Section 221 provides that a protective order may issue to protect a party from "undue burden or expense" similarly Practice Book 247(c) allows the court to protect parties from depositions which are being conducted "in bad faith" or in such a manner as to unreasonably annoy, embarrass, or oppress a party. Of course none of these procedures were utilized by the plaintiff but plaintiff's counsel shouldn't be required to anticipate the type of questions being asked here.
For the purposes of this motion the court will assume the questions sought to be asked on cross examination went beyond the scope of the direct. Even so, the plaintiff's position is untenable for several reasons.
The plaintiff's argument is very attractive and appeals to important values and concerns. But counsel, no matter how attractive the argument he or she makes, is not relieved from the obligation to make a record especially if he or she is advancing broad quasi-constitutional or social policy claims that seem to alter what appear to be the plain requirements of our rules of practice. Should the court assume that the plaintiff is indigent — on mere representation of counsel — is indigence the test or can a party seeking to limit discovery as the plaintiff wishes merely ask the court to compare its assets to those of the opposing party and limit depositions on some test of comparative wealth? CT Page 2111
This is not to say that the concerns the plaintiff expresses can't be addressed by the court but counsel is obligated to follow our rules of practice if he or she wants to protect a client's interests.
A court, for good cause, can increase or decrease the time for taking a deposition, Practice Book 244(d). A protective order in fact could have been applied for, where, after counsel has made an appropriate record, counsel could request that discovery be had only on specified terms and conditions, that certain matters not be inquired into or that the scope of discovery be limited Practice Book 221. Practice Book 247(e) authorizes a party to secure a court order if the deposition is being conducted in bad faith or in such a way as to annoy or oppress "a deponent or party" Practice Book 221.
Plaintiff's counsel sought no protective order prior to the deposition addressing the concerns now raised. He agreed that any objections during the deposition other than those as to form were reserved to the time of trial; obviously the present claim that questions on cross went beyond the direct would be covered by that agreement. Presumably plaintiff's counsel was as aware of his client's financial situation when he noticed this deposition as he was during the deposition and now. He cannot during the middle of the deposition break the terms of the agreement he made and challenge lines of inquiry in a manner not contemplated by the rules. As said in Pavlinko v. Yale-New Haven Hospital, 192 Conn. 138 (1984): "All questions, including those objected to, are to be answered; . . . . unless the objecting party procures from the court a protective order precluding or limiting the scope of disclosure." Practice Book 221. Id. at page 143. The method chosen by the plaintiff to interrupt the deposition, if countenanced, would entirely disrupt deposition procedures. A party has a perfect right to object at trial to any deposition testimony, Practice Book 248(2); if it wants more protection, all it has to do is follow the rules providing for the securing of pre-deposition protective orders.
If improper, bad faith, or oppressive questions are asked during a deposition, the procedure is for counsel to immediately contact a Superior Court Judge for a ruling, CT Page 2112 Practice Book 247(c) not direct a witness to refuse to answer a question, cf Pozzio v. Breedlove, 1 Conn. Sup. 714
(1986). Pavlinko and Pozzio might be said to go too far in a situation where during a deposition unanticipated questioning concerning a privilege occurs. The plaintiff cites in this regard Westport National Bank v. Wood,31 Conn. Sup. 266 (1974). There Judge, now Justice Berdon said where a valid claim of self-incrimination arises the person being deposed can exercise his or her rights without having to get in advance an order of protection and without as the decision implies having to bear the costs of an interrupted deposition. But this case is authority against the plaintiff since the court goes on to say that where the questions asked are merely irrelevant such testimony would be inadmissible in any event. "The person whose deposition is sought should not be allowed to refuse to answer on this ground unless a protective order is first obtained." Id. at pp. 268-269. This reasoning is equally applicable when the claim is merely that the cross exceeded the scope of the direct and the person being deposed is a nonparty called to the deposition by a party, here the plaintiff, who has no right to claim any privilege on such an individual's behalf in any event. Neither before nor during the deposition did plaintiff's counsel take steps under our rules to seek the protection they now claim the plaintiff is entitled to.
Therefore following then Judge Berdon's suggestion, this court orders the plaintiff to pay to the defendant such sums as shall reimburse the defendant for the fee of any reporter or monitor retained to take the deposition. In this case the plaintiff should also pay the fee for any officer serving the subpoena for any new deposition. This appears to be the only way to effectuate the purposes of Practice Book 247(f) and 58-148(d)(c) in light of the occurrences in this case. Any further sanctions and costs do not appear to be specifically authorized by Practice Book 231.
Corradino, J.