[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I
The plaintiff moves for sanctions against the corporate CT Page 11795 defendant for failure to answer interrogatories and requests for production which the plaintiff he claims he submitted to the defendants in March 1994. The corporate defendant replies that it was unaware that those discovery requests were directed to it rather than to the individual defendant. the [The] plaintiff rejoins that the notice of interrogatories and requests for production clearly states that it is directed to "the defendants." However, a copy of that notice neither was in the plaintiff's file, the defendants' file nor in the court's file.[1] Rather, the notice was reproduced by the plaintiff from the "hard drive" memory of the plaintiff's attorney's computer. The court is left with conflicting representations of counsel. The court cannot grant a motion for sanctions based on conflicting representations of counsel. Cf. Cologne v. WestfarmsAssociates, 197 Conn. 153-154 (1985). The motion for sanctions pursuant to Practice Book § 231[2] (#136) is denied. The corporate defendant shall comply with the discovery request within thirty days.
 II
The plaintiff has requested that the defendant Wertheim produce copies of pleadings filed by him in other civil actions. The court earlier circumscribed the temporal ambit of this request. The defendant Mark Wertheim now has asserted that complying with the plaintiff's request to produce copies of pleadings would tend to incriminate him. Pending against Wertheim in Superior Court are criminal charges for computer crime in the first degree, in violation of General Statutes § 53a-252[3], and larceny in the first degree, in violation of General Statutes § 53a-122.[4] These charges allegedly arise out of the same facts as does this civil action. Wertheim claims that the pleadings for which production is sought may lead to evidence that he had been in financial difficulty. In turn, he argues, this could be proof of a motive which could be used against him in the pending criminal prosecution. See State v.Gunning, 183 Conn. 299, 305, 311-12, 439 A.2d 339 (1981) (defendant and another discuss ways to make money because they were "broke"; importance and relevancy of motive to commit larceny.).
The Fifth Amendment to the Constitution of the United States provides that no person "shall be compelled . . . to be a witness against himself. . . ." Article First § 8 of the Constitution of the State of Connecticut similarly provides that: "No person CT Page 11796 shall be compelled to give evidence against himself. . . ." "This law has also been codified by the adoption of General Statutes § 52-199 . . . ." Westport National Bank v. Wood, 31 Conn. Sup. 266,267, 328 A.2d 724 (1974); see also General Statutes § 51-35(b).[5] Although it has been suggested that our state constitution may afford greater protection with respect to the production of documents; Burritt InterfinancialBancorporation v. Brooke Pointe Associates, 42 Conn. Sup. 445,453-54, 625 A.2d 851 (1992); the defendant Wertheim does not suggest that the scope of the privilege with respect to his claim is different under any of these constitutional or statutory provisions.
The privilege "against self-incrimination `not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316,38 L.Ed.2d 274 (1973)." Olin Corporation v. Castells, 180 Conn. 49, 53,428 A.2d 319 (1980). It also is well settled that the privilege extends to civil pretrial discovery proceedings. See e.g., Estateof Fisher v. Commissioner of Internal Revenue, 905 F.2d 645, 648-649
(2d Cir. 1990); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067,1074 (6th Cir. 1990); Maco-Bibb County Hosp. Auth. v.Continental Ins., 673 F. Sup. 1580, 1582 (M.D.Ga. 1987);McIntyre's Mini Computer v. Creative Synergy Corp. ,115 F.R.D. 528, 529 (D.Mass. 1987); see Olin Corporation v. Castells, supra,180 Conn. 53-54; see also Westport National Bank v. Wood,31 Conn. Sup. 266, 267, 328 A.2d 724 (1974); Rosado v. BridgeportRoman Catholic Diocesan Corporation, Superior Court, Judicial District of Fairfield, No. 302072 (14 Conn.L.Rptr. 13, 393) (1995). However, with respect to the production of documents, "[t]he papers and effects which the privilege protects must be the private property of the person claiming the privilege, or at least in his possession in his purely personal capacity." UnitedStates v. White, 322 U.S. 694, 700, 42 S.Ct. 1248, 88 L.Ed. 1542
(1944). To hold that these papers are of such a character would be glorification of form over substance. Even in the context of constitutional law, "[t]he exaltation of form over substance is to be avoided." United States v. DiFrancesco, 449 U.S. 117, 142
(1980); see also Wolman v. Walter, 433 U.S. 229, 250 (1977);Escobedo v. Illinois, 378 U.S. 478, 486 (1964). The papers sought here are copies of pleadings, prepared by Wertheim's attorneys, CT Page 11797 the originals of which are filed with the court. As such they are public records. Bernier v. National Fence Co., 176 Conn. 622,627, 410 A.2d 1007 (1979). "They therefore embody no element of personal privacy and carry with them no claim of personal privilege." United States v. White, supra, 322 U.S. 699.[6] For this reason, the defendant's claim of privilege is overruled.
BY THE COURT
Bruce L. Levin Judge of the Superior Court