[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff moves for sanctions against the defendant Michael Mansi (defendant) for refusing to answer questions at a deposition based on his privilege against self-incrimination.
This is a civil action for money damages. The complaint alleges that the defendant was a distributor of goods for Pepperidge Farm, Inc. and delivered Pepperidge Farms goods to the plaintiff. The plaintiff alleges that the defendant misrepresented the number of loaves of bread he delivered to the plaintiff by overstating that number and charging the plaintiff for the overstated number and by understating the number of items returned by the plaintiff and thereby underpaying the plaintiff for its returns and credits.
The plaintiff noticed the defendant's deposition. Pursuant to Practice Book § 13-5, the defendant moved this court for a protective order. The defendant argued "[t]hat there is currently pending a criminal action against the defendant in the Superior Court . . . involving allegations of larceny by the same plaintiff and any attempt to depose the defendant, Michael Mansi, will violate the defendant's constitutionally protected right against self-incrimination that is provided by the Constitutions of the United States and the State of Connecticut." The defendant's motion for a protective order was denied by this court.
Thereafter, the defendant appeared for his deposition. He repeatedly invoked his privilege against self-incrimination to questions pertaining to the facts and circumstances giving rise to this action. The plaintiff has now moved for sanctions pursuant to Practice Book § 13-14.
The court has reviewed the partial transcript of the defendant's deposition and the defendant's objection to the plaintiff's motion. Without importing lengthy quotations into this opinion, suffice it to say that the analysis of the plaintiff's motion is informed by the Supreme Court's decision in CT Page 4436Pavlinko v. Yale New Haven Hospital, 192 Conn. 138, 470 A.2d 246
(1984), in which a plaintiff in a medical malpractice action repeatedly invoked his privilege against self-incrimination at his deposition at which he was asked questions pertaining to the integrity and reliability of hospital records which he had admittedly taken from the defendant hospital. The Supreme Court affirmed the judgment of the trial court dismissing the plaintiff's action based on his refusal to answer to these questions.
An obvious difference between the instant case and Pavlinko
is that, here, the defendant has not invoked the jurisdiction of the court, and is not seeking affirmative relief, but is an "unwilling litigant." Hackes v. Hackes, 446 A.2d 396, 399
(D.C.App. 1982); Costanza v. Costanza, 66 N.J. 63, 68, 328 A.2d 230
(1974). However, that the defendant is privileged against incriminating himself in a civil deposition does not insulate him from the consequences of his refusal to testify, albeit based on that constitutional privilege; see Olin Corporation v. Castells,180 Conn. 49, 53-54, 428 A.2d 319 (1980) (adverse inference may be drawn against defendant in civil action who refused to testify in response to probative evidence); Hackes v. Hackes, supra; at least where the rights of other parties are not implicated.DePalma v. DePalma, 538 So.2d 1290 (Fla.App. 1989)
The defendant, citing Westport National Bank v. Wood,31 Conn. Sup. 266, 269, 328 A.2d 724 (1974), claims that before the court affords the plaintiff any relief in accordance with Practice Book § 13-14, the court must first order him to answer the questions previously posed to him. This court disagrees. The defendant's invocation of his privilege against self-incrimination at his deposition was deliberate, intentional, rational and made with the assistance of competent counsel. Having the court ceremoniously order the defendant to answer the questions now would serve no proper purpose. He already was ordered to answer these questions. "The giving of the notice [of deposition] prescribed by [Practice Book] § 244 [now § 13-27], unless modified by the court, constitutes an order to the deponent to appear at the time and place designated in the notice and to submit to examination and cross-examination as permitted at trial. Practice Book § 247 [now § 13-301. All questions, including those objected to, are to be answered . . . unless the objecting party procures from the court a protective order precluding or limiting the scope or disclosure of discovery." Pavlinko v. Yale-New Haven Hospital, supra, CT Page 4437192 Conn. 143.
"Practice Book [§ 13-14] authorizes the trial court to grant a wide range of relief, including the relief sought by the [plaintiff], for a party's failure to . . . testify at a duly noticed deposition. The determination of whether to enter sanctions pursuant to Practice Book § [13-14] and, if so, what sanction or sanctions to impose, is a matter within the sound discretion of the trial court." Associated Investment Co.Ltd. Partnership v. Williams Associates IV, 239 Conn. 148, 163,645 A.2d 505 (1994) Here, "[t]he balance would be improperly struck and justice would not be well served by awarding a default . . . without suitable . . . proof of the . . . charge presented by the plaintiff ." Costanza v. Costanza, supra,66 N.J. 68.
Pursuant to Practice Book § 13-14, the defendant is ordered precluded from testifying in his defense at trial concerning matters to which he has asserted his privilege against self-incrimination or submitting an affidavit concerning such matters in opposition to a motion by the plaintiff for summary judgment, except that should the plaintiff question the defendant at trial he may be cross-examined by his attorney, within the discretion of the trial court. Id.; see A M Records, Inc. v.Heilman, 75 Cal.App.3d 554, 566-67, 142 Cal.Rptr. 390, 397-98
(1977), cert. denied, appeal dismissed, 436 U.S. 952,98 S.Ct. 3063, 57 L.Ed.2d 1118, reh. denied, 439 U.S. 884, 99 S.Ct. 228,58 L.Ed.2d 298 (1978); Annot., "Assertion of Privilege In Pretrial Discovery Proceedings As Precluding Waiver of Privilege At Trial," 36 ALR3d 1367.
BY THE COURT
Bruce L. LevinJudge of the Superior Court