## OLIN CORPORATION *v.* RAUL CASTELLS ET AL.

LOISELLE, BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued December 7, 1979—decision released March 4, 1980

*Hubert J. Santos,* with whom was *A. Susan Peck,* for the appellant (defendant Purita G. de Castells).

*Robert W. Allen,* with whom were *Robert K. Cuilla* and, on the brief, *Susan J. Bryson,* for the appellee (plaintiff).

BOGDANSKI, J. The plaintiff Olin Corporation instituted an action against the defendant Raul Castells wherein it alleged that the defendant had fraudulently induced Olin to pay $70,000 into a Swiss bank account which sum the defendant converted to his own use in breach of his employment agreement with Olin. Pursuant to § 52-278e of the General Statutes,[1] Olin applied for a prejudgment remedy alleging that there was a reasonable likelihood that the defendant had fraudulently disposed of his property with the intent to defraud his creditor. On the basis of affidavits containing hearsay statements and a copy of a quitclaim deed wherein Raul Castells conveyed his interest in his home in Woodbridge to his wife Purita de Castells, the court granted Olin's application to attach the corporate shares of Raul Castells in Olin Corporation and one of its subsidiaries. Raul Castells subsequently moved to dissolve that order of attachment. He did not, however, challenge the court's finding of probable cause.

---

[1] "[General Statutes] Sec. 52-278e. ALLOWANCE OF PREJUDGMENT REMEDY WITHOUT HEARING. SUBSEQUENT MOTION, HEARING AND ORDER. The court or a judge of the court may allow the prejudgment remedy to be issued by an attorney without hearing as provided in sections 52-278c and 52-278d upon verification by oath of the plaintiff or of some competent affiant, that there is probable cause to sustain the validity of the plaintiff's claim . . . that there is reasonable likelihood that the defendant . . . is about to fraudulently dispose of or has fraudulently disposed of any of his property with intent to hinder, delay or defraud his creditors . . . . The defendant appearing in such action may move to dissolve or modify the prejudgment remedy granted pursuant to this section in which event the court shall proceed to hear and determine such motion expeditiously. If the court determines at such hearing requested by the defendant that there is probable cause to sustain the validity of the plaintiff's claim, then the prejudgment remedy granted shall remain in effect. If the court determines there is no such probable cause, the prejudgment remedy shall be dissolved. An order shall be issued by the court setting forth the action it has taken."

Olin thereafter amended its complaint to bring an action against Purita G. de Castells to set aside a fraudulent conveyance and for money damages, alleging that Raul Castells transferred his interest in the Woodbridge property to his wife Purita with the intent to avoid the payment of his debts to his creditors and that, at the time of the conveyance, Purita knew that Olin had demanded repayment of the $70,000 from Raul. Olin also filed a motion for a supplemental prejudgment remedy seeking an order to attach Purita de Castells' interest in the Woodbridge property. In support of this motion, Olin filed the same affidavits containing hearsay statements and copy of the quitclaim deed which it had submitted in support of the prejudgment attachment of Raul Castells' interest in the corporate shares. It also filed an affidavit stating that the quitclaim deed was executed subsequent to the demand by Olin for the repayment of the $70,000 and the transcript of a deposition in which Raul Castells refused to answer questions relative to the conveyance of his interest in the Woodbridge property.

At the hearing on the motion, the defendant Purita de Castells offered no evidence, documentary or otherwise, to contradict the allegations in the complaint or the statements in supporting documents. Instead, her counsel objected to the granting of the motion on the basis of affidavits containing hearsay statements and in the absence of live testimony. From the order granting the supplemental prejudgment remedy, the defendant Purita has appealed claiming that the court erred (1) in finding probable cause on the basis of hearsay statements without requiring the plaintiff to present live testi-

mony, (2) in relying on a prior unchallenged finding, and (3) in drawing an adverse inference from Raul Castells' invocation of the privilege against self-incrimination.

We note at the outset that Olin could have proceeded in this case by seeking an order attaching Raul Castells' interest in the Woodbridge property. A grantor has an interest in property fraudulently conveyed which may be reached by attachment. *Murphy* v. *Dantowitz,* 142 Conn. 320, 326, 114 A.2d 194 (1955). "A creditor may attach property which has been fraudulently conveyed by his debtor as though no conveyance had been made." 37 C.J.S., Fraudulent Conveyances § 309; 37 Am. Jur. 2d, Fraudulent Conveyances § 165. In ordering Raul Castells' interest in the Woodbridge property attached, it would be incumbent upon the court to make a determination as to the probable cause of Olin's claim against the defendant Raul, a claim supported by affidavits containing hearsay statements.

In the posture of the present case, however, it was not necessary for the court to consider the probability of Olin prevailing on the merits against the defendant Raul. We therefore need not decide whether the court erred in finding probable cause on the basis of those affidavits containing hearsay statements which relate to the action against Raul or on the prior unchallenged finding of probable cause made in a separate proceeding. Because Olin chose to attach Purita de Castells' interest in the Woodbridge property, it was only necessary for the court to make a determination as to probable cause with respect to Olin's action against her, that is, the prob-

able cause that Raul Castells fraudulently conveyed his interest in the Woodbridge property to Purita de Castells.

The defendant Purita de Castells claims that the court erred in drawing an adverse inference from Raul Castells' invocation of his privilege against self-incrimination, an inference upon which the court relied in making its determination as to probable cause. Attached to Olin's application was the transcript of a deposition taken of Raul Castells during which he was asked the following two questions: "Isn't it so that your interest in your house on Edgehill Drive in Woodbridge was transferred to your wife in 1976? Was not the reason for such transfer the attempt to avoid having that house as an asset which could be reached by a judgment in any action brought by Olin Corporation against you?" Raul Castells refused to answer either question on the grounds that an answer might tend to incriminate him or might furnish a link in a chain of evidence which might tend to incriminate him.

The fifth amendment privilege against self-incrimination "not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." *Lefkowitz* v. *Turley,* 414 U.S. 70, 77, 94 S. Ct. 316, 38 L. Ed. 2d 274 (1973). The privilege does not, however, forbid the drawing of adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. The prevailing rule is that the fifth amendment "does not preclude the inference where the privilege

is claimed by a *party to a civil cause."* 8 Wigmore, Evidence (McNaughton Rev. 1961) § 2272, p. 439; see also *Baxter* v. *Palmigiano,* 425 U.S. 308, 318, 96 S. Ct. 1551, 47 L. Ed. 2d 810 (1976).

The evidence before the court included Raul Castells' refusal to respond to questions concerning the transfer of his interest in the Woodbridge property to Purita de Castells, an affidavit stating that the transfer occurred after Olin had demanded a return of the $70,000 from Raul Castells, a copy of the quitclaim deed reciting a consideration of less than $100, and the unchallenged allegation in Olin's complaint that Purita de Castells knew that Raul Castells was indebted to Olin, that Olin had demanded the return of the money owed, and that in accepting the Woodbridge property she knowingly participated in the fraudulent conveyance. This evidence, together with the inference which could have been drawn as to the truth of the allegation that Raul Castells had transferred his interest in the property to his wife Purita to avoid having it as an asset which could be reached by a judgment in an action brought by Olin, supported the order attaching the defendant Purita de Castells' interest in the Woodbridge property.

There is no error.

In this opinion the other judges concurred.