[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed an application seeking an order compelling the defendant to answer questions asked of him at a deposition. The defendant objects, claiming that the answers to the questions will tend to incriminate him. The plaintiff responds that the defendant has waived has privilege against self-incrimination in connection with a prior, federal action. The court disagrees. The application is denied.
The plaintiff, Barbara Murphy, is acting in her representative capacity as the guardian of the person and the estate of Dorothy Bates. Bates is an incompetent. Both Murphy and Bates are residents of Rhode Island. CT Page 5782
Murphy seeks Nykaza's deposition in connection with a pending action filed in Rhode Island Superior Court, which is captionedDorothy Bates, by her Guardian, Barbara B. Murphy v. Rhode IslandHospital Trust National Bank, C.A. No. 93-0127 (the Rhode Island action). The application for an order to show cause in this case presents the following facts.
Murphy filed the Rhode Island action to recover funds, which previously belonged to Bates, that Nykaza allegedly had converted. In a prior action, which was filed in the United States District Court for the District of Rhode Island (the federal case or federal action), Murphy, again as a representative for Bates, sued Shearson Lehman Brothers, Inc. and Nykaza. In that federal action, a settlement was reached between Murphy and Nykaza.
At Nykaza's deposition in the federal case, he refused to answer questions relating to his relationship with Bates, based on his Fifth Amendment right against self-incrimination. On August 20, 1993, the United States District Court for the District of Rhode Island (Boudewyns, Magistrate Judge) granted Murphy's motion to compel Nykaza to answer questions. The federal court ruled that Nykaza had waived his privilege against self-incrimination by previously answering questions relating to his relationship with Bates earlier in the deposition. Later, in the federal action, Nykaza testified about his relationship with Bates without asserting his right against self-incrimination under the Fifth Amendment.
In Connecticut, Murphy served a notice of a deposition and subpoena on Nykaza, who is not a party to the Rhode Island action. Nykaza complied with the notice and subpoena by appearing for the deposition. At the deposition, however, Nykaza asserted his privilege against self-incrimination whenever the attorneys for the opposing parties asked him questions relating to his relationship with Bates, his financial records or his business dealings with Rhode Island Hospital Trust.[1] Murphy now is seeking an order compelling Nykaza to answer those questions.[2]
"It is an established principle, that a person cannot, in a suit against him, be compelled to produce evidence against himself; and by strong analogy, he ought equally to be protected in his interest, when called on to testify for another." BenjaminCT Page 5783v. Hathaway, 3 Conn. 528, 532 (1821). Article first § 8 of the constitution of the state of Connecticut provides in part: "No person shall be compelled to give evidence against himself. . . ." The Fifth Amendment to the Constitution of the United States provides that no person "shall be compelled . . . to be a witness against himself. . . ." Despite slightly different language in these constitutions, there is no substantive difference between them when testimony is sought.State v. Asherman, 193 Conn. 695, 712-713, 478 A.2d 227 (1984), cert. denied, 470 U.S. 1050, 105 S.Ct. 1749, 84 L.Ed.2d 814
(1985).
The privilege "against self-incrimination `not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.'Lefkowitz v. Turley, 414 U.S. 70, 77, 94 S.Ct. 316 38 L.Ed.2d 274
(1973)." Olin Corporation v. Castells, 180 Conn. 49, 53,428 A.2d 319 (1980). The privilege extends to pretrial civil discovery proceedings, including depositions. Estate of Fisher v.Commissioner of Internal Revenue, 905 F.2d 645, 648-649 (2d Cir. 1990); Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1074
(6th Cir. 1990); Maco-Bibb County Hosp. Auth. v. ContinentalIns., 673 F. Sup. 1580, 1582 (M.D.Ga. 1987); McIntyre's MiniComputer v. Creative Synergy Corp., 115 F.R.D. 528, 529 (D.Mass. 1987); see Olin Corporation v. Castells, supra, 180 Conn. 53-54; see also Westport National Bank v. Wood, 31 Conn. Sup. 266, 267,328 A.2d 724 (1974). Therefore, Nykaza was entitled to assert his privilege against self-incrimination in the deposition of a civil case.
 I
The plaintiff claims that "Nykaza's risk of prosecution is merely `fanciful' and not real. . . . The acts in question occurred in 1989 and 1990 and, although the Rhode Island statute of limitations for larceny is 10 years . . . no prosecution has resulted despite the disclosure of Nykaza's conduct to his former employer in the securities industry . . . and its public exposure in the Federal Action." The court disagrees.
"The standard for determining whether a claim of privilege is justified is "`whether the claimant is confronted by substantial CT Page 5784 and `real,' and not merely trifling or imaginary, hazards of incrimination.'" United States v. Apfelbaum, 445 U.S. 115, 128,100 S.Ct. 948, 956, 63 L.Ed.2d 250 (1980) (citations omitted) . . . ." United States v. Rubio-Topete, 999 F.2d 1334, 1338
(2d Cir. 1993). "A court may not deny a witness' invocation of the fifth amendment privilege against compelled self-incrimination unless it is" "perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly have [a] tendency' to incriminate.'" (Emphasis in original.) State v.Williams, 200 Conn. 310, 319, 511 A.2d 1000 (1986), quotingHoffman v. United States, 341 U.S. 479, 488, 71 S.Ct. 814,95 L.Ed. 1118 (1951); State v. Simms, 170 Conn. 206, 209,365 A.2d 821, cert. denied, 425 U.S. 954, 96 S.Ct. 1732, 48 L.Ed.2d 199
(1976)." In re Keijam T., 226 Conn. 497, 503-504, 628 A.2d 562
(1993). Therefore, "before refusing to allow the privilege, the trial court must find that the answers to any questions proposed cannot possibly have a tendency to incriminate." State v.Cecarelli, 32 Conn. App. 811, 819, 631 A.2d 862 (1993). "[T]he right to one's privilege against prosecution that could result from the testimony sought does not depend upon the likelihood of prosecution but upon the possibility of prosecution." State v.Williams, supra, 200 Conn. 319. "`To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.' Hoffman v.United States, supra, [341 U.S.] 486-87; State v. Simms, supra, [170 Conn.] 209. In appraising a fifth amendment claim by a witness, a judge `must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence.' (Internal quotation marks omitted.) Statev. Williams, supra, [200 Conn.] 319." In re Keijam T., supra,226 Conn. 504.
That the prosecutorial authorities presently in office in Rhode Island have not yet prosecuted or may not intend to prosecute Nykaza is of no moment. See State v. Williams, supra,200 Conn. 319 ("[T]he right to one's privilege against prosecution that could result from the testimony sought does not depend upon the likelihood of prosecution but upon the possibility of prosecution."). "The rarity of prosecutions under a particular statute, or a prosecuting attorney's indication in a particular case that he will not prosecute, are not sufficient to defeat a claim of privilege. . . . In United States v. Miranti, CT Page 5785253 F.2d 135, 139 (2d Cir. 1958), for example, the United States Court of Appeals for the Second Circuit stated: `We find no justification for limiting the historic protections of theFifth Amendment by creating an exception to the general rule which would nullify the privilege whenever it appears that the government would not undertake to prosecute. Such a rule would require the trial court, in each case, to assess the practical possibility that prosecution would result from incriminatory answers. Such an assessment is impossible to make because it depends on the discretion exercised by a . . . [prosecutor] or his successor.'" Choi v. State, 316 Md. 529, 560 A.2d 1108, 1112
(1989); see United States v. Jones, 703 F.2d 473, 478 (10th Cir. 1983)("Once the court determines that the answers requested would tend to incriminate the witness, it should not attempt to speculate whether the witness will in fact be prosecuted"); In reCorrugated Container Anti-Trust Litigation, 620 F.2d 1086, 1091
(5th Cir. 1980), cert. denied, 449 U.S. 1102, 101 S.Ct. 897,66 L.Ed.2d 827 (1981) ("even a remote risk that the witness will be prosecuted for the criminal activities that his testimony might touch on" is sufficient to sustain a privilege claim); UnitedStates v. Johnson, 488 F.2d 1206, 1209 n. 2 (1st Cir. 1973) ("Neither the practical unlikelihood of . . . prosecution, nor the Assistant United States Attorney's denial of an intention to charge [the witness], negated [the witness's] privilege"); see also de Antonio v. Solomon, 42 F.R.D. 320, 323 (D.Mass. 1967);Mississippi State Bar v. Attorney L., 511 So.2d 119, 124 (Miss. 1987); 10-Dix Bldg. Corp. v. McDannel, 134 Ill. App.3d 664,89 Ill.Dec. 469, 475, 480 N.E.2d 1212, 1218 (1985): People v. Guy,121 Mich. App. 592, 329 N.W.2d 435, 444 (1982); Application of VanLindt, 109 Misc.2d 686, 440 N.Y.S.2d 969 (1981); Commonwealth v.Strickler, 481 Pa. 579, 393 A.2d 313, 315 (1978); Matter ofGrant, 83 Wis.2d 77, 264 N.W.2d 587, 591 (1978); Vail v. Vail,360 So.2d 985, 989-990 (Ala.Civ.App. 1977), remanded on other grounds, 360 So.2d 992 (Ala. 1978); Note, Self-Incrimination andthe Likelihood of Prosecution Test, 72 J.Crim.L. Criminology 671 (1981).[3] Accordingly, the court cannot find that the answers to the questions proposed cannot possibly have a tendency to incriminate. State v. Cecarelli, supra,32 Conn. App. 819.
 II
Since there is no suggestion that Nykaza ever expressly waived his right against self-incrimination, the claim here is one of waiver by inference. The plaintiff fails to address CT Page 5786 exactly how Nykaza waived his privilege against self-incrimination. The court discerns at least two acts that could give rise to a claim of waiver: (a) Nykaza's testimony at the federal action, and (b) Nykaza's testimony at the deposition on March 31, 1994.
In December, 1993, Nykaza testified in federal court. On direct examination, he was questioned by Quentin Anthony, the attorney for Bates. On cross-examination, he was questioned by Paul V. Curcio, the attorney for Shearson Lehman Brothers, Inc. During these colloquies, Nykaza discussed his relationship with Bates extensively.
A witness's sworn evidence in one proceeding does not constitute a waiver of that same witness's right to invoke thefifth amendment privilege against self-incrimination as to the same matters in a separate, independent court proceeding. UnitedStates v. Housand, 550 F.2d 818, 821 n. 3 (2nd Cir.), cert. denied, 431 U.S. 970, 53 L.Ed.2d 1066, 97 S.Ct. 2931 (1977); see Annot., "Right of Witness in Federal Court to Claim Privilege Against Self-Incrimination After Giving Sworn Evidence On Same Matter in Other Proceedings," 42 A.L.R.Fed. 793, 797 § 3 (1979). Accordingly, Nykaza's testimony in the trial of the federal action did not constitute a waiver of his privilege against self-incrimination at a subsequent deposition in connection with another action.
At his deposition in the federal action, Nykaza "voluntarily responded to questions regarding his relationship with [the] plaintiff, some circumstances surrounding the loan and/or gift, at which bank and branch he deposited the checks, and whether his signature appeared on certain deposit slips. Clearly, these are incriminating statements of fact relating directly to the ultimate issue in the lawsuit." Bates v. Shearson LehmanBrothers, Inc. No. 92-0664B, slip op. at 4-5 (D.R.I. August 20, 1993) (order compelling deponent to answer questions). The federal court concluded that: "It is manifestly unfair for Nykaza to advance his own version of the facts and then refuse to answer questions pertaining to the details. Accordingly, it is too late for Nykaza to claim his privilege after he has without objection given testimony concerning the matter tending to incriminate him." Id., 5.
For the same reason that Nykaza's testimony in the trial of the federal case does not constitute a waiver of his right against self-incrimination, his testimony in the deposition CT Page 5787 incident to that action was not a waiver by inference of that right. Additionally, in the federal case, Nykaza advanced "his own version of the facts" and then "refuse[d] to answer questions pertaining to the details." In the Rhode Island action, however, Nykaza has not yet advanced his version of his relationship with Bates and, therefore, has not waived his privilege against self-incrimination. "Waiver can be inferred only if (1) the witness' prior statements have created a significant likelihood that the finder of fact will be left with and prone to rely on a distorted view of the truth, and (2) the witness had reason to know that his prior statements would be interpreted as a waiver of thefifth amendment's privilege against self-incrimination. State v.Altrui, 188 Conn. 161, 170, 448 A.2d 837 (1982), quoting Klein v.Harris, 667 F.2d 274, 287 (2d Cir. 1981). Neither of these conditions [is] fulfilled in this case. . . ." (Internal quotation marks omitted.) State v. Valeriano, 191 Conn. 659, 667,468 A.2d 936 (1983).
The application is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court