[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO DISMISS
The instant case is an administrative appeal brought pursuant to § 4-183(b) of the General Statutes. The State's motion to dismiss is predicated upon the following grounds: (1) the plaintiffs Hamden Salvage, Inc., Tire Salvage, Inc., and North Haven Tire Disposal, Inc. are not aggrieved by the administrative decision being appealed as required by § 4-183(b)(1) or §4-183(b)(2); (2) the plaintiff Joseph J. Farricielli can not prove that postponement of this appeal which is interlocutory would result in an inadequate remedy as required by § 4-183(b)(2). Some background material is of aid in an understanding of the State's contentions and the plaintiffs' opposing views.
 I.
The plaintiffs' verified appeal recites that the State has initiated administrative proceedings against all of them and a criminal prosecution against the plaintiff, Joseph J. Farricielli. In the administrative proceeding the allegation is CT Page 6031 that the plaintiffs operate a solid waste facility without a permit in violation of § 22a-208a and that they disposed of asbestos at their facility in violation of § 22a-252. The criminal prosecution is in three counts. In two counts Farricielli is accused of operating a solid waste facility without a permit in violation of § 22a-208a(c) and in the third count he is accused of disposing of asbestos in violation of § 22a-252.
For the criminal prosecutions, Farricielli has of course the privilege against self-incrimination provided by the fifth and fourteenth amendments to the Constitution of the United States and by article first § 8 of the Constitution of Connecticut as amended by article XVII of the constitutional amendments. This means that in the criminal proceeding Farricielli has a constitutional right to remain silent and not give evidence that might be used against him. Moreover in the criminal prosecution the trier of fact would not be allowed to draw any unfavorable inferences should Farricielli exercise his privilege and remain silent. Gen. Stat. § 54-84.
Quite a different situation prevails in the administrative action. Farricielli may exercise his privilege to remain silent on the claim that his answers might incriminate him in the pending criminal prosecution but the privilege when claimed by a party in a civil case does not preclude the drawing of adverse or unfavorable inferences. Olin Corporation v. Castella, 180 Conn. 49,53-54 (1980).
The same dichotomy prevails with respect to the production of documents. Under the Constitution of Connecticut the privilege against giving evidence against oneself extends to the production of any document that may furnish such evidence in or for a criminal prosecution. Burritt Interfinancial Bancorporation v.Brooke Point Associates, 43 Conn. Sup. 445, 459 (1992).
Corporations do not enjoy a privilege against self-incrimination.Lieberman v. Reliable Refuse Co., 212 Conn. 661,667 (1989); State v. Biller, 190 Conn. 594, 600 (1983). Before the court no claim of privilege is made on behalf of the three corporate defendants. The argument, however, is that Farricielli is the chief spokesman as well as the president of the three corporations and if he exercises his privilege in the administrative proceeding, their defenses will necessarily be adversely affected. CT Page 6032
 II.
Gen. Stat. § 4-183(b) the section upon which the plaintiffs' appeal is based reads as follows: "A person may appeal a preliminary, procedural or intermediate agency action to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy." In the beginning of this memorandum, the court noted that for the corporate plaintiffs the State contends that neither of the two prongs of § 4-183(b) is satisfied while for the plaintiff Farricielli only whether the second prong has been satisfied is at issue.
Section 4-183(b) has been described as an exception to the well-established rule requiring a party to exhaust administrative remedies before turning to the courts. Office of Consumer Counselv. Department of Public Utility Control, 9 CSCR 49, 50 (1993). With respect to the first prong, the court does not agree with the State's position that it cannot be met by the corporate defendants when their businesses will be affected by the proposed administrative orders. The first prong seemingly is satisfied whenever a party would pass the classic test for aggrievement.[1] See Farrell v. State Ethics Commission,
9 Conn. L.R. 272, 273 (1993).
Turning to the second prong which the State claims is absent for all defendants, the court agrees with the Hearing Officer that the remedial purpose sought by the proposed administrative order means that the pending criminal and administrative actions do not offend double jeopardy. State v. Hickam, 235 Conn. 614,623 (1995). Nor would collateral estoppel be implicated because of a holding in State v. Fritz, 204 Conn. 156, 170-77 (1987) that relitigation in a criminal proceeding of issues previously decided in the defendant's favor by a state administrative agency was not precluded because the agency involved, the Department of Consumer Protection, was not in privity (i.e. did not have the same right, interest and purpose) with the Division of Criminal Justice. These decisions, however, do not answer the basic questions that are raised by this interlocutory appeal.
In determining that the administrative action should not be stayed until the criminal case against Farricielli is decided, the Hearing Officer relied upon United States v. Kordel, 397 U.S. 1, CT Page 603390 S.Ct. 763, 25 L.Ed.2d 1 (1970) and Nosik v. Singe, 40 F.3d 592
(1994). Kordel, supra at 9 and 12 (n. 27) makes the deferral of a civil proceeding and the postponement of civil discovery pending the completion of a parallel criminal prosecution a matter of discretion dependent upon the interests of justice.Nosik, supra at 596 stands for the same proposition. But the most complete statement on the subject is found in Securities Exchange Commission v. Dresser Industries, Inc., 628 F.2d 1368,1375-76 (D.C. Cir.), cert. denied 449 U.S. 993, 101 S.Ct. 529,66 L.Ed.2d 289 (1980) cited in Nosik and referred to obliquely in the Hearing Officer's decision.
The pertinent language from Securities Exchange Com'n. v.Dresser Indus., supra is as follows:
 The Constitution, therefore, does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings. Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery or impose protective orders and conditions when the interests of justice seem to require such action, sometimes at the request of the prosecution . . . sometimes at the request of the defense. The court must make such determinations in the light of the particular circumstances of the case.
 Other than where there is specific evidence of agency bad faith or malicious governmental tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious criminal offense is required to defend a civil or administrative action involving the same matter. The noncriminal proceeding, if not deferred might undermine the party's Fifth Amendment privilege against self-incrimination, expand rights of criminal discovery beyond the limits of Federal Rule of Criminal Procedure 16(b), expose the basis of defense to the prosecution in advance of criminal trial or otherwise prejudice the case. If delay of the noncriminal proceeding would not seriously injure the public interest, a court may be justified in deferring it. (citations omitted).
The continuing vitality of Securities Exchange Com'n. v.Dresser Indus. is shown by recent decisions such as Federal Sav. Loan Ins. Corp. v. Molinaro, 889 F.2d 899, 903 (9th Cir. 1989);United Tech. Corp. Hamilton Standard Div. v. Dean, 906 F. Sup. 27,28 (D. Mass. 1995); In re Quality Medical Consultants, Inc.,
CT Page 6034192 B.R. 777, 780 (Bkrtcy M.D. Fla. 1995); and In re Tower MetalAlloy Co., 188 B.R. (Bkrtcy S.D. Ohio 1995).
As noted, the Hearing Officer's decision was a discretionary one. And in the court's opinion, that discretion was abused. The thrust of Security Exchange Com'n. v. Dresser Indus., supra and succeeding cases is that the question of whether or not the administration proceeding should be stayed must be decided in light of the particular circumstances and competing interests involved. A suggested list, all of which may or may not be applicable, is provided by Federal Sav. Loan Ins. Corp. v.Molinaro, supra. A court should consider the extent to which Fifth Amendment rights are involved, the plaintiff's interest in proceeding expeditiously and what potential prejudice could occur from a delay, the burden which any particular aspect of the parallel proceedings may impose on the defendants, the efficient use of administrative and judicial resources, the interests of persons not parties to the administrative action and the interest of the public in the pending administrative and criminal litigation. See 889 F.2d at 902-03,
A review of the Hearing Officer's decision discloses that the interest of the public in cleaning up the site was considered but little else. Farricielli's privilege against self-incrimination was discussed only in terms of being personal to him and as to adverse inferences that might result from its exercise in the administrative proceeding. There was no discussion at all of how the exercise by Farricielli of his privilege could or would affect the corporate plaintiffs in the exercise of their due process rights to present defenses. Kukanskis v. Griffith,180 Conn. 501, 509-10 (1980); Kron v. Thelen, 178 Conn. 189, 193
(1979).
The criminal penalties against Farricielli call for fines on each offense of not more than $25,000.00 per day for each day of violation and/or imprisonment for a term of not more than one year. Conn. Gen. Stat. § 22a-226. Taken together, the three counts of the information obviously constitute the serious criminal offense referred to in the quotation from Securities Exchange Com'n. v. Dresser Indus., supra. Civil penalties for all the plaintiffs exist in the same amount. Id. § 22a-226. Imminence in terms of cease and desist orders directed to the plaintiffs see Gen. Stat. § 22a-7, has not been asserted in the administrative proceeding. CT Page 6035
 III.
The court concludes that both prongs of § 4-183(b) have been adequately met by all the plaintiffs. Consequently the State's motion to dismiss is denied.
Barnett, J.