[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Stuart C. Lovett appeals the decision of the defendant board of firearms permit examiners revoking his permit to carry a pistol or revolver. The board acted pursuant to General Statutes § 29-32b. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the defendant board.
Certain facts essential to the court's decision are not in dispute and are fully reflected in the record. At sometime prior to January 1996, the defendant commissioner of public safety revoked the plaintiff's permit to carry a handgun. The basis of the revocation was the plaintiff's arrest in 1993 on narcotics and trespassing charges. The plaintiff appealed the revocation to the board. In his appeal, the plaintiff stated that "the narcotics were not mine and further the person that they belonged to put me in jeopardy by lending me their vest which had the narcotics in his pocket."
On January 9, 1996, the board held a hearing on the revocation. At the hearing, Officer John Kelly of the New-Haven Police Department appeared and testified. Kelly testified that on September 23, 1993, he observed the plaintiff on private premises in the city of New Haven, which were posted with "No Trespassing" signs. Those premises had been involved in drug raids in the recent past, resulting in many arrests. Kelly stated he knew that the plaintiff did not live there. As the plaintiff left in his car, Kelly pursued him and pulled him over. Kelly testified that the plaintiff told him that he didn't know anyone at those premises and could not explain his presence there. Kelly then arrested the plaintiff, charging him with trespassing, and searched him. Kelly testified that the plaintiff had in his pants pocket several glassine bags containing a substance that proved to be cocaine, and he was arrested on drug charges in addition to the trespassing charge. The plaintiff was also carrying a loaded handgun for which he had the permit in question. CT Page 1959
The plaintiff, represented by counsel, also testified. The plaintiff, in his testimony, confirmed that he had been on the premises in New Haven, stating that he was visiting friends. He admitted to carrying the gun. Asked whether the police officer removed the glassine bags from his pocket, the plaintiff replied, "I'm not sure. I believe so. I'm not exactly sure how it came about." Later, the plaintiff stated that he was neither affirming nor denying that he had the drugs. Still later during his testimony, the plaintiff's attorney interposed an objection to further questions about the narcotics on Fifth Amendment grounds.
Following the hearing, the board rendered its final decision affirming the revocation. The board related the facts summarized above. On the basis of those facts, the board determined that there was "just and proper cause for the revocation . . . because, based upon the facts produced at the hearing and the (plaintiff's) refusal to answer the Board's questions, the (plaintiff) is not a suitable person."
In his brief to the court, the plaintiff advances a single argument in support of his appeal. He contends that the board violated his rights under theFifth Amendment to the United States Constitution by drawing a negative inference from his assertion of those rights in refusing to testify about the narcotics allegedly found on his person by the police. This argument may not be sustained.
Although an individual may assert theFifth Amendment privilege in a civil action and decline to answer questions on the basis that the answers might tend to incriminate him, "the privilege does not . . . forbid the drawing of adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." OlinCorporation v. Castells, 180 Conn. 49, 53 (1980), citingBaxter v. Palmigiano 425 U.S. 308 (1976) and 8 Wigmore, Evidence (McNaughton Rev. 1961) § 2272, p. 439. Accordingly, the board was entitled to draw a negative inference, as it did, from the failure of the plaintiff to testify more fully in response to the testimony of Officer Kelly. CT Page 1960
Although the plaintiff raised some other issues during oral argument on this appeal, they have not been briefed and are not properly before the court. SeeCollins v. Goldberg, 28 Conn. App. 733, 738 (1992).
The appeal is dismissed.
MALONEY, J.