[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR PROTECTIVE ORDER
This issue arises out of an action for dissolution of marriage between the plaintiff, Vincent Camuto, and the defendant, Kristen Camuto. The defendant filed a motion for a protective order, dated January 14, 1997, in which she seeks to invoke her constitutional privilege against self-incrimination in respect to deposition questions regarding whether she engaged in an extra-marital relationship in the state of Minnesota, The defendant filed a memorandum of law in support of her motion for CT Page 2072 a protective order dated February 13, 1997. The plaintiff filed a memorandum in opposition dated February 18, 1997.
The defendant argues that pursuant to Minn. Stat. §609.36[1] adultery is a crime punishable by fine or imprisonment, and although the statute provides for a one year statute of limitations, there is a question whether the statute is tolled by absence from the state by Minn. Stat. § 628.26
(j).[2] The plaintiff argues that any action for adultery is barred by the statute of limitations, and that the tolling statute is not applicable to § 609.36.
The "privilege against self-incrimination not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." (Internal quotation marks omitted.) Olin Corp. v. Castells,180 Conn. 49, 53, 428 A.2d 319 (1980). "A court may not deny a witness' invocation of the fifth amendment privilege against compelled self-incrimination unless it is perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken, and that the answer[s] cannot possibly
have [a] tendency to incriminate." (Emphasis in original; internal quotation marks omitted.) In re Keinam T.,226 Conn. 497, 503, 628 A.2d 562 (1993). "[T]he right to one's privilege against prosecution that could result from the testimony sought does not depend on the likelihood of prosecution but upon thepossibility of prosecution." (Emphasis in original; internal quotation marks omitted.) Id., 504. "The rarity of prosecutions under a particular statute, or a prosecuting attorney's indication in a particular case that he will not prosecute, are not sufficient to defeat a claim of privilege. . . ." (Internal quotation marks omitted.) Murphy v. Nykaza, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 320696 (May 17, 1995, Levin, J., 14 Conn. L. Rptr. 289), citing, Choi v.State, 316 Md. 529, 560 A.2d 1108, 1112 (1989). "It is generally held that a witness cannot invoke the privilege against self-incrimination where he is either immune from prosecution, or where prosecution is barred by the statute of limitations. . . . A legal limitation of the time of prosecution is in practical effect an expurgation of the crime; so after the lapse of the time fixed by law the privilege ceases." (Citations omitted; internal quotation marks omitted.) Rosado v. Roman CatholicCT Page 2073Diocesan Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302072 (June 2, 1995, Levin, J.,14 Conn. L. Rptr. 393.)
The plaintiff contends that an action under Minn. Stat. §609.36 is barred by the self-contained one year statute of limitations.[3] The defendant maintains that § 609.36 is subject to the tolling provisions of Minn. Stat. § 628.26
(j).
The parties acknowledge that the issue of the statute of limitations in regard to § 609.36 has not been decided in Minnesota, however, the plaintiff relies on Graham v. Miracle,556 P.2d 605 (Okla. 1976) in which the court held that the tolling statute, § 628.26 did not apply to § 609.36. TheGraham court stated that "[i]t is evident that the limitations provisions of § 609.36 and those of § 628.26 were intended to serve two entirely different public purposes. The purpose of § 628.26 was to establish a general limitations provision for all criminal proceedings founded on indictments. The limitations of § 609.36 were intended to implement the public policy of Minnesota that no person other than the injured husband or wife should complain of the wrong done . . . and that the injured husband or wife must make such complaint within one year." (Citation omitted.) Id., 607. However, the Graham court based its decision upon a distinction that does not exist because the language of § 628.26 applies to both indictments and complaints. Therefore, as this issue has not been settled in Minnesota the tolling statute may apply to § 609.36, and thus there is a possibility that the defendant could be charged under that statute. Accordingly, the defendant may invoke her right against self-incrimination in refusing to answer questions relating to extra-marital relations in Minnesota.
Nevertheless, the defendant's refusal to answer such questions does not "forbid the drawing of adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them. The prevailing rule is that the fifth amendment `does not preclude the inference where the privilege is claimed by a party to acivil cause.'" (Emphasis in original.) Olin Corp. v. Castells,
supra, 180 Conn. 53-54. Moreover, "[i]n general, federal and state constitutional and statutory rights can be waived." City ofNew Haven v. Local 884 Council 4 AFSCME AFL-CIO, 237 Conn. 378,385, 677 A.2d 1350 (1996). "Waiver is the intentional CT Page 2074 relinquishment of a known right." Internal quotation marks omitted.) Majernicek v. Hartford Casualty Insurance Co.,240 Conn. 86, 96, A.2d (1997). "The general rule is that rights granted by statute may be waived unless the statute is intended to protect the general rights of the public rather than private rights. . . . The Connecticut Supreme Court has adopted the general rule." In Re Estate of Salerno, 42 Conn. Sup. 526, 533,630 A.2d 1386 (Vertefeuille, J. 1993); see also Hatch v.Merigold, 119 Conn. 339, 343, 176 A. 266 (1935). Section 609.36 provides that complaint in adultery may only be brought by the husband or the wife. Therefore, the statute establishes a private right rather than a public right. Accordingly, if the plaintiff waives his right to bring a complaint against the defendant, there is no possibility of the defendant's prosecution, and the defendant's motion for a protective order is denied. If the plaintiff does not wish to waive his rights under § 609.36, the defendant's motion for a protective order is granted, although the court may take an adverse inference from the invocation of the privilege.
Ballen, J.