[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE SPECIAL DEFENSES (#110)
 FACTS
On May 26, 1999, the plaintiff, First Nationwide Mortgage Corporation filed a complaint in one count seeking foreclosure and possession of the premises owned by the defendants, Sharon R. Murphy and Joanne L. Burruano, located at 20 Bellevue Place in New London. The plaintiff also seeks money damages, attorney's fees, interest, costs, and a deficiency judgment.
On July 14, 1999, the defendant Sharon R. Murphy ("the defendant") filed an answer and seven special defenses. The first special defense alleges that the plaintiff, by previously instituting and withdrawing a foreclosure action against the defendant, is estopped from seeking a deficiency judgment. The second special defense alleges that the defendant is relieved from liability because the plaintiff "made an election to deal CT Page 15005 directly with the Co-Defendant, Joanne L. Burruano, to the exclusion of the Defendant, Sharon R. Murphy . . . ." The third special defense alleges that the defendant has, by tender of a deed in lieu of foreclosure, tendered full payment of her obligation under the note. The fourth special defense alleges that the plaintiff is estopped from seeking money damages. The fifth special defense alleges that the plaintiff is barred by laches from seeking money damages. The sixth special defense alleges that the plaintiff refused to bargain in good faith in violation of an agreement between the parties. The seventh special defense alleges that by making an election to deal only with the co-mortgagor, Joanne Burruano, the plaintiff is now estopped from seeking a deficiency judgment.
On August 6, 1999, the plaintiff filed a motion to strike the seven special defenses on the grounds that they do not address the making, validity, or enforcement of the note and mortgage, and that they plead no facts and allege legal conclusions. The plaintiff also moves to strike on the grounds that settlement discussions are not a basis for a defense to a foreclosure, that attempting to tender a deed in lieu of foreclosure is not a recognized defense to a foreclosure, and that the defendant has failed to plead the elements of estoppel.
As required by Practice Book § 10-42, the plaintiff has filed a memorandum in support of its motion to strike, and the defendant has timely filed a memorandum in opposition.
 DISCUSSION
The function of a motion of strike "is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.)RK Constructors. Inc. v. Fusco Corp. , 231 Conn. 381, 384,650 A.2d 153 (1994). "[A] plaintiff can [move to strike] a special defense. . . ." Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716
(1978); see also Practice Book § 10-39(a)(5). "In its ruling on the [plaintiff's] motion to strike, the trial court [has an] obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies. . . ." Practice Book § 10-1. "A motion to strike is properly granted if the [pleading] alleges mere conclusions of CT Page 15006 law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The first, fourth, and seventh special defenses each allege that the plaintiff's action is barred by estoppel. The fourth special defense alleges no facts to support the conclusion of estoppel. The first special defense alleges only that the plaintiff previously brought and withdrew a foreclosure action. The only factual allegation in the seventh special defense is that "[t]he Plaintiff made an election not to pursue a foreclosure but to deal directly with the co-mortgagor, Joanne Burruano, to resolve this situation."
"There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief, and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done." (Internal quotation marks omitted.) First Connecticut Small Business Investment v. Arba,170 Conn. 168, 175, 365 A.2d 100 (1976). Even when viewed in the light most favorable to the defendant, the first, fourth, and seventh special defenses fail to allege facts which could establish the two elements of estoppel. There is no allegation that the defendant changed her position or did "anything she otherwise would not have done. Consequently, the three estoppel defenses cannot withstand the motion to strike.
The second special defense alleges that "[t]he Plaintiff made an election to deal directly with the Co-Defendant, Joanne L. Burruano, to the exclusion of the Defendant, Sharon R. Murphy and thus released the Defendant, Sharon R. Murphy, from any liability with regard to the subject matter of this action." "The traditional defenses available in a foreclosure action are payment, discharge, release, satisfaction or invalidity of a lien. . . . In recognition that a foreclosure action is an equitable proceeding, courts have allowed mistake, accident[,] fraud, equitable estoppel, CUTPA, laches[,] breach of the implied covenant of good faith and fair dealing, tender of deed in lieu of foreclosure and a refusal to agree to a favorable sale to a third party to be pleaded as special defenses. . . . Other defenses which have been recognized are usury, unconscionability of interest rate, duress, coercion, material alteration, and lack of consideration. . . . These special defenses have been CT Page 15007 recognized as valid special defenses where they were legally sufficient and addressed the making, validity or enforcement of the mortgage and/or note. . . . The rationale behind this is that . . . special defenses which are not limited to the making, validity or enforcement of the note or mortgage fail to assert any connection with the subject matter of the foreclosure action and as such do not arise out of the same transaction as the foreclosure action. . . . Further, based on the same rationale, the defenses . . . cannot attack some act or procedure of the lienholder. . . ." (Internal quotation marks omitted.) FederalNational Mortgage v. Mallozzi, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 165698 (February 10, 1999, Hickey, J.); see also Southbridge Associates, LLC v.Garofalo, 53 Conn. App. 11, 15-16, 728 A.2d 1114, cert. denied,249 Conn. 919, __ A.2d __ (1999) ("the trial court properly granted the motion for summary judgment on the basis of its conclusion that the defense . . . failed to attack the making, validity or-enforcement of the notes and mortgages"). The second special defense attacks an act or procedure of the lienholder rather than the making, validity, or enforcement of the note or mortgage itself. Furthermore, the defense contains no specific facts as to the alleged election of remedies. The motion to strike is therefore granted as to the second special defense.
The third special defense alleges that the defendant tendered a deed to the plaintiff in lieu of foreclosure. This defense attacks the conduct of the lienholder after execution of the mortgage and fails to attack the making, validity, or enforcement of the mortgage or note itself. Federal National Mortgage v.Mallozzi, supra, Superior Court, Docket No. 165698. "Furthermore, the Superior Court has also found that a defendant's offer to tender the deed in a foreclosure is not a valid defense, because the plaintiff mortgagee is under no obligation to accept it. The general rule is that both payment of and tender of payment of [a] debt must be in money, unless the parties agree otherwise, or the obligee consents to accept some other medium of payment. . . . [T]he Supreme Court defined tender as an offer to pay a debt . . . [and] the offer to pay involves, as a general rule, the actual production of the money and the placing of it in the power of the person entitled to receive it. . . . This rule applies to mortgage debts. A debtor has no right to deed the property securing a debt to the creditor in settlement of the debt where the contract provides for payment in money. . . ." (Internal quotation marks omitted.) Id.; see also Bank of BostonConnecticut v. Platz, 41 Conn. Sup. 587, 596 A.2d 27 (1991); CT Page 15008GHRCD Inc. v. Cummings, Superior Court, judicial district of Middlesex, Docket No. 074227 (April 12, 1996, Aurigemma, J.). Accordingly, the motion to strike is granted with respect to the third special defense.
The fifth special defense alleges that the plaintiff's claim for money damages is barred by laches. The defendant has alleged no facts in support of this conclusion. Likewise, the sixth special defense alleges that "[t]he Plaintiff refused to bargain in good faith in violation of the agreement between the parties" but provides no facts in support of this allegation. Therefore, the motion to strike is granted as to the fifth and sixth special defenses.
For all of the reasons stated above, the plaintiff's motion to strike the defendant Murphy's special defenses is granted.
Martin, J.